**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JERRY GILLIAM,**

    Plaintiff,                        **CIVIL ACTION NO. 15-11833**

vs.                                **DISTRICT JUDGE JUDITH E. LEVY**

                                         **MAGISTRATE JUDGE MONA K. MAJZOUB**

**WILLIAM H. ORDIWAY, JR., and**
**MARVEILYN TALISIC ORDIWAY,**

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL FOR DEFNEDANTS [19]**

Before the Court is Plaintiff's Motion for Appointment of Counsel for Defendants Being Indigent. (Docket no. 19.) This matter was referred to the undersigned for all pretrial proceedings. (Docket no. 20.)

Plaintiff Jerry Gilliam, proceeding *pro se*, filed this action against Defendants William H. Ordiway, Jr., and Marveilyn Talisic Ordiway, also proceeding *pro se*. Plaintiff now asks the Court to appoint counsel on behalf of Defendants, arguing that he "believe[s] it is too difficult for defendants to grasp the legal concepts in [this matter] and [that they] do not understand the basic rules of pleadings." (Docket no. 19 at 2.) He further asserts that "it would benefit all parties and the Court if counsel is appointed Pro Bono" for Defendants. (*Id.*)

As Plaintiff acknowledges, the Constitution of the United States does not require the automatic appointment of counsel for indigents in civil cases. Appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances. *Lanier*

1

*v Bryant*, 332 F.2d 999, 1006 (6th Cir.2003); *Lavado v Keohane*, 992 F.2d 601, 605-6 (6th Cir 1993). To determine whether exceptional circumstances justifying the appointment of counsel exists, courts consider the type of case and the ability of the party to represent himself. *Lanier*, 332 F.2d at 1006. Most notably, Defendants have not asked that counsel be appointed on their behalf. But even if Defendants themselves had requested appointment of counsel, the Court notes that they have filed multiples motions to dismiss and a motion to transfer venue, the latter of which the Court has recommended granting. While Defendants' filings to-date may require liberal interpretation to adjudicate properly, nothing before the Court suggests that Defendants are incapable of representing themselves in this matter.

The Court appreciates Plaintiff's concern and desire to "protect the defendants' rights under the due process clause of the constitution," but his Motion will be denied. Notably, nothing in this Opinion and Order is meant to suggest that Defendants (or Plaintiff) cannot seek counsel on their own behalf, either independently or through Motion to the Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel for Defendants is **DENIED** without prejudice.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen (14) days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: February 12, 2016         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served on Plaintiff Jerry Gilliam and Defendants William H. Ordiway, Jr., and Marveilyn Talisic Ordiway on this date.

Dated: February 12, 2016           <u>s/ Lisa C. Bartlett</u>
                                                Case Manager