UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JERRY GILLIAM,**

      **Plaintiff,**                        **CIVIL ACTION NO. 15-11833**

**vs.**                                **DISTRICT JUDGE JUDITH E. LEVY**

                                       **MAGISTRATE JUDGE MONA K. MAJZOUB**

**WILLIAM H. ORDIWAY, JR., and
MARVEILYN TALISIC ORDIWAY,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Jerry Gilliam, proceeding *pro se*, filed this action against Defendants William H. Ordiway, Jr., and Marveilyn Talisic Ordiway, also proceeding *pro se*, in the United States Court for the Western District of Missouri, alleging claims for invasion of privacy and intentional infliction of emotional distress.   (*See* docket nos. 1, 2, and 3.)   The matter was transferred to the Eastern District of Michigan on May 20, 2015.  (Docket no. 2.)  Plaintiff filed an Amended Complaint on May 26, 2015, and a Second Amended Complaint on June 26, 2015.   (Docket nos. 4 and 7.)   Before the Court are Defendant's Motion to Change Venue to Bay City Court (docket no. 12) and Plaintiff's Motion for Default Judgment (docket no. 25).[1]    All pretrial matters have been referred for consideration.  (Docket no. 20.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

_____

[1] Also pending in this matter is Plaintiff's Motion to have counsel appointed for Defendants.  (Docket no. 19.)  The Court will address this Motion through a separate Opinion and Order.

I.      **Recommendation**

For the reasons stated herein, Defendant's Motion for Change of Venue to the Bay City Court [12] should be GRANTED, and Plaintiff's Motion for Default Judgment [25] should be DENIED.

II.     **Report**

A.      **Relevant Factual Background**[2]

Plaintiff filed his initial Complaint in this matter in the United States District Court for the Western District of Missouri.   (Docket no. 1.)   Plaintiff is, and has been for all times pertinent to this matter, a resident of the State of Missouri.   (*See* docket no. 7 at 2.)   Defendants are, and have been for all times pertinent to this matter, residents of Alger, Michigan, located in Ogemaw County.   (*See id.* at 3; docket no. 12 at 1.)   Plaintiffs claims arise out of communications allegedly made by Defendants to Plaintiff and Plaintiff's family via telephone and email.   (*See* docket no. 7.)

On May 20, 2015, the Western District of Missouri transferred this matter to this Court. (Docket no. 2.)   Plaintiff filed an Amended Complaint (docket no. 4), and Defendants filed an Answer and Motion to Dismiss (docket no. 6).   The Court denied Defendants Motion and ordered that they file an Answer within 14 days.   (Docket no. 8.)   Defendants filed an Answer (docket no. 11), but on June 26, 2015, Plaintiff filed a Second Amended Complaint (docket no. 7). Defendants filed their Answer to Plaintiff's Second Amended Complaint on July 21, 2015, which also included another Motion to Dismiss.   (Docket no. 11.)   Defendants then filed their instant

---

[2] The issues addressed herein are primarily procedural and do not require a full factual background regarding Plaintiff's claims.   For a full discussion of Plaintiff's substantive claims, see the Court's November 24, 2015 Opinion and Order Denying Defendants' Motion to Dismiss. (Docket no. 18.)

2

Motion to Change Venue.   (Docket no. 12.)

On November 24, 2015, the Court denied Defendants' Second Motion to Dismiss and ordered that they file an appropriate answer within 14 days.   (Docket no. 18.)   Defendants filed their Answer on December 10, 2015.   (Docket no. 21.)   On December 18, 2015, Plaintiff filed a Request for Clerk's Entry of Default.   (Docket no. 23.)   The Clerk's Office Denied Plaintiff's Request, noting that Defendants had filed an Answer to his Complaint.   (Docket no. 24.) Plaintiff then filed his instant Motion for Default Judgment.   (Docket no. 25.)

**B.      Analysis**

**1.      Defendants' Motion to Change Venue**

Through their Motion, Defendants ask the Court to transfer adjudication of this matter from the U.S. District Court for the Eastern District of Michigan in Ann Arbor to the District's Northern Division in Bay City.   Defendants ask that the Court order such a transfer because (a) Bay City is the closest federal court to Defendants' home in Alger, Michigan; (b) Defendants cannot afford to travel to Ann Arbor, and Defendant William Ordiway suffers from back problems, limiting his ability to travel; and (c) the Bay City division is 50 miles away from Defendants' home while the Ann Arbor division is 143 miles from Defendants' home.   (Docket no. 12 at 1.)

28 U.S.C. § 1404(a) allows a district court to transfer any civil action to any other district or division where it might have been brought "for the convenience of the parties."   Moreover, section 1404(b) allows for a case to be transferred, on motion, at the discretion of the court, from the division in which it is pending to any other division within the same district.   Under Local Rule 83.10(b)(3), a civil case will be assigned to a certain division based on certain criteria, set

3

forth in order of priority:

>(1) If an action is removed from State Court, the county in which the case was pending in State Court (28U.S.C. 1441(a)).

>(2) If an action is local in nature, the county in which the real estate is located.

>(3) The county in which a plaintiff resides.

>(4) The county in which the claim arose.

>(5) In a case in which a defendant is an officer or employee of the United States or any agency thereof acting in his or her official capacity, or under color of legal authority, or an agency of the United States, the county in which an office of a defendant is located.

>(6) A county in which a defendant resides or has a place of business.

>(7) The place of holding court in which the case is filed.

E.D. Mich. L.R. 83.10(b).   And when a case is improperly assigned, it "shall be transferred to the proper location by order of the Court."   E.D. Mich. L.R. 83.10(c).

This action was not removed from State Court, it is not local in nature, and Plaintiff does not reside in the State of Michigan.   Therefore, the Court must determine the county in which the claim arose, if possible.   Plaintiff's Second Amended Complaint does not set forth any locations at which Defendants' actions occurred, but the Court can infer that the calls allegedly made and emails allegedly sent by Defendants originated from their home in Ogemaw County.   Moreover, to the extent the Court cannot discern the county in which this action arose, the appropriate location under Local Rule 83.10 would be the county in which Defendants reside – Ogemaw County.   Under Local Rule 83.10(a), when a case arises out of Ogemaw County, the appropriate place for holding court is Bay City.   E.D. Mich. L.R. 83.10(a)(2).   Moreover, to the extent the Court considers the convenience of the parties to be a factor in its decision, Defendants assert that travel from their home to Ann Arbor is significantly further than travel to Bay City, and Plaintiff

has not opposed Defendants' Motion.   Therefore, the Court should grant Defendants' Motion and transfer this matter to its Northern Division in Bay City.

### 2.        Plaintiff's Motion for Default Judgment

Federal Rule of Civil Procedure 55(a) permits the clerk of the court to enter a default when a party fails to plead or otherwise defend and that failure is shown by affidavit or otherwise.   As Plaintiff himself notes, only after a party has obtained a default may he obtain a default judgment pursuant to Rule 55(b).   *Heard v. Caruso*, 351 F. App'x. 1, 15-16 (6th Cir. 2009) (it is procedurally improper for a party to move for entry of a default judgment without first seeking entry of a default from the clerk of the court).   Here, Plaintiff seeks a default judgment, arguing that Defendants have failed to Answer his Complaint and citing his Request for Clerk's Entry of Default.   (Docket no. 25 (citing docket no. 23).)   But Defendants did file an Answer to Plaintiff's Second Amended Complaint (docket no. 21), and the Clerk of the Court specifically denied Plaintiff's Request for Default because Defendants had filed an Answer (docket no. 24).   Plaintiff apparently takes issue with the form of Defendants' Answer, arguing that they have failed to set forth any defenses and that they did not properly follow court rules.   (Docket no. 25 at 1-2.) While Defendants Answer may not be a textbook model of clarity, neither is Plaintiff's Complaint. As both parties in this matter are proceeding *pro se*, the Court will construe their pleadings liberally.   Defendants' Answer is not so deficient as to amount to a failure to Answer Plaintiff's Complaint.   Therefore, Plaintiff's Motion for Default Judgment should be denied.

### D.        Conclusion

For the reasons stated above, the undersigned recommends GRANTING Defendants' Motion for Change of Venue to Bay City [12] and DENYING Plaintiff's Motion for Default

Judgment [25].

## III.   Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.   *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.   Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.   The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated:   February 12, 2016                    s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served on Plaintiff Jerry Gilliam and Defendants William H. Ordiway, Jr., and Marveilyn Talisic Ordiway on this date.

Dated:   February 12, 2016                    s/ Lisa C. Bartlett
                                             Case Manager