UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERRY GILLIAM,

    *Plaintiff*,                           CASE NO. 15-cv-11833

*v*.                                        DISTRICT JUDGE THOMAS LUDINGTON
                                        MAGISTRATE JUDGE PATRICIA MORRIS

WILLIAM H. ORDIWAY, JR., and
MARVEILYN TALISIC ORDIWAY,

    *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON MOTIONS FOR SUMMARY JUDGMENT (Docs. 37, 39, 40)

### I. Recommendation

For the reasons set forth below, I recommend that Plaintiff's motion for summary judgment (Doc. 37) be **DENIED**; and that Defendants' motions for summary judgment (Docs. 39, 40) be **DENIED**.

### II. Report

#### a. Introduction

On November 1, 2014, Plaintiff Jerry Gilliam filed a complaint in the United States District Court for the Western District of Missouri, alleging that Defendants William H. Ordiway, Jr. ("William Ordiway"), and Marveilyn Talisic Ordiway ("Marveilyn Ordiway") committed the tort of intentional infliction of emotional distress by way of threatening Gilliam and demanding payments of $100,000. (Doc. 1). Gilliam

alleges that he is a Missouri resident, that defendant Marveilyn Ordiway is a citizen of the Philippines, and that defendant William Ordiway is a Michigan resident. (*Id*. at 1-2). He alleges that this matter is properly filed in federal court on the basis of diversity jurisdiction, and that over one million dollars is in controversy. (*Id*. at Civil Cover Sheet). On May 20, 2015, this case was transferred to the United States District Court for the Eastern District of Michigan, and was assigned to District Judge Judith Levy. (Docs. 1, 2, 3).

On May 26, 2015, Gilliam filed an amended complaint. (Doc. 4). On June 24, 2015, Defendants filed an answer to that complaint and a motion to dismiss. (Doc. 6). On June 26, 2015, Gilliam filed a second amended complaint. (Doc. 7). On June 30, 2015, District Judge Levy ruled that Gilliam's second amended complaint superseded both his original complaint and his first amended complaint, thus Defendants' motion to dismiss was moot. (Doc. 8). Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course within" either "(A) 21 days after serving it, or" (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." All other amendments require either "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Gilliam exhausted his one amendment "as a matter of course" by filing his first amended complaint, and thus could not file a second amended complaint without the consent of Defendants or leave of court. However, because District Judge Levy concluded that Gilliam's second

amended complaint (Doc. 7) superseded his prior complaints, I find that he received the necessary leave of court to file his second amended complaint.

On November 24, 2015, District Judge Levy issued an order in which she found that Gilliam's second amended complaint properly raised two distinct claims under Michigan law: a claim for defamation, and a claim for intentional infliction of emotional distress. (Doc. 18 at 9-13).

On February 12, 2016, Magistrate Judge Mona Majzoub recommended that this matter be transferred to the Bay City Court in the Northern Division of the United States District Court for the Eastern District of Michigan. (Doc. 31). That recommendation was adopted by District Judge Levy on March 22, 2016, (Doc. 32), and this matter was transferred to District Judge Thomas Ludington (Doc. 33), who then referred this matter to the undersigned magistrate judge (Doc. 35).

### b. Motions for Summary Judgment

On April 18, 2016, Gilliam filed a motion for summary judgment (Doc. 37). Gilliam therein argues that Defendants have not properly responded to his January 24, 2016, discovery requests, including requests for admission; consequently, Gilliam argues that Defendants have admitted to all those unanswered requests for admission. (*Id*. at 1-2). Gilliam his requests for admission to his motion for summary judgment; these requests are comprised of twenty-five paragraphs relating to the Defendants' alleged conduct, including allegations that Defendants sent certain emails demanding payment of $100,000, communicated with Gilliam's family, and that Defendants knew that their conduct would cause emotional distress. (*Id*. at Ex. A). Gilliam also attaches one of

3

Defendants' responses to his request for admission, wherein defendant Marveilyn asserted that she "cannot admit nor deny Plaintiff's Request for Admissions." (*Id*. at Ex. A).

On April 25, 2016, Defendants filed a response to Gilliam's April 18, 2016, motion for summary judgment. (Doc. 38). Therein, Defendant Marveilyn alone responds, stating that she "advises the Plaintiff to do his own legal briefs as this shows that the Plaintiff was using drafts made by others." (Doc. 38). Marveilyn further asserts that "William H. Ordiway, Jr. has already replied and the plaintiff requested that defendant Marveilyn Ordiway to answer the same for William Ordiway again." (*Id*.). Defendants also chastise Gilliam for "using the court system to harass the Defendants," and for including insulting comments on the envelope in which his request for admissions were enclosed, including the phrase "WOW. Nail it, Mail it. See you Soon. Enjooy…" (*Id*. at 2-3).

At the outset, the Court expresses dismay at the state of communication between the parties. This matter is pending before the United States District Court for the Eastern District of Michigan, and the parties are cautioned to accord appropriate respect both to one another and to the Court. The parties certify, under Federal Rule of Civil Procedure 11, that their pleadings, motions, and other papers comply with the following:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

4

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)-(4). If the parties fail to comply with these requirements, the Court will not hesitate to impose (or recommend the imposition of) appropriate sanctions under Fed. R. Civ. P. 11(c).

Secondly, Defendants are cautioned that under Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Defendants are required to respond, and may not simply declare that they have advised one another not to respond.

Defendants' response that they "cannot admit nor deny Plaintiff's Requests for Admission to Marveilyn Talisic Ordiway" (Doc. 36 at Ex. A) is not a proper response under Federal Rule of Civil Procedure 36. That rule provides that answers must be "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party

states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).

This matter is rather unusual in that both Plaintiff and Defendants are acting *pro se*, and thus presumably are unfamiliar with the finer points of federal civil procedure. Parties acting *pro se* are held to a "less stringent standard[]," and their pleadings are entitled to liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106. Some courts have held that "[r]equests for admission which are deemed admitted by the default of a pro se litigant generally should not provide the sole basis for granting summary judgment, unless the pro se litigant was advised of the consequence of failing to reply to the requests for admission." *Gordon v. Jones*, No. 3:08CV-P460-S, 2011 WL 847926, at *4 (W.D. Ky. Mar. 8, 2011). Even if the Court were to find that Defendants admitted all those matters raised in Gilliam's requests for production, Rule 36(b) provides that a party may file a motion to amend or withdraw their response. While the Court has "considerable discretion" regarding whether to permit withdrawal or amendment under Rule 36(b), *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997), the undersigned would be disinclined to strictly apply that rule against parties unfamiliar with federal practice.

A motion for summary judgment under Rule 56 will be granted only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has "'the initial burden of showing the absence of a genuine issue of material fact' as to an

6

essential element of the nonmovant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Because the Court is disinclined to strictly apply the rule of Fed. R. Civ. P. 36(a)(3) against a party proceeding *pro se*, Gilliam's motion for summary judgment (Doc. 37) is inappropriate at this time, and should be denied. Nevertheless, Defendants are obliged to answer Gilliam's discovery requests fully, honestly, and in good faith, pursuant to Federal Rule of Civil Procedure 26.

On April 25, 2016, Defendants filed two motions for summary judgment of their own. (Docs. 39, 40). In both motions, Defendants argue that Gilliam is himself in violation of Rule 36 by way of answering Defendants' "request for discovery" with the word "objection," and a direction to see an attached sheet of answers. (Docs. 39, 40). Gilliam has responded to both motions (Doc. 48), and Defendants have filed a reply (Doc. 51). Gilliam's response and Defendants' reply offer little clarity, and instead essentially repeat the arguments made in Defendants' motions for summary judgment.

Also on April 25, 2016, Defendants submitted to the docket Gilliam's answers to Defendants' requests for discovery and admissions. (Docs. 41, 42). Submission of discovery materials to the Court is improper outside of the context of a motion to compel under Federal Rule of Civil Procedure 37. Discovery is a process which takes place between the litigants, and the involvement of the Court is not warranted unless and until the parties reach an impasse which requires the Court's intervention; if such an impasse is reached, the parties may file a motion to compel under Federal Rule of Civil Procedure 37. *See Ouellette v. Hills*, No. 15-CV-11604, 2016 WL 1721050, at *1, n.1 (E.D. Mich.

Apr. 29, 2016) ("[D]iscovery should be served upon and responded to between the parties without court involvement unless a problem develops that requires court intervention."). Future submissions of discovery to the docket outside of the appropriate context (*i.e.* a motion to compel under Rule 37) may result in such a submission being stricken from the record.

To his credit, Gilliam's responses to Defendants' discovery requests provides some degree of substance, including properly raised objections and denials of certain requests. (*See generally* Docs. 41, 42). However, Gilliam also falls back on a repeated objection that the questions are "immaterial and not reasonably calculated to lead to any material or relevant evidence admissible in the above styled case." (*Id.*). Gilliam appears to erroneously believe that a request for admission must lead to admissible evidence, yet no such requirement exists. On the contrary, discovery is limited to

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Insofar as Defendants are unsatisfied with Gilliam's discovery responses, and believe that they are entitled to more detailed responses under Rule 26, they ought to file a motion to compel under Rule 37. Insofar as Defendants believe that Gilliam's responses are insufficient, they should submit a motion to compel responses to their requests, along

with a specific, individualized, legally supportable explanation as to why each of Gilliam's responses is unsatisfactory. *See* Fed. R. Civ. P. 37.

In this case, Defendants have not even attempted to demonstrate that there remains no question of material fact in dispute in this case. Instead, Defendants appear to desire that Gilliam's complaint be dismissed for failure to properly comply with discovery rules provided under Federal Rule of Civil Procedure 26. Yet, as noted above, the appropriate measure in response to a failure to comply with discovery rules is a motion to compel under Rule 37, not a motion for summary judgment. Defendants' submitted a reply on May 27, 2016. (Doc. 51).

Defendants' language in the reply comes closest to a motion to compel, noting "a few examples" of the requested documents which Gilliam allegedly failed to provide, and explicitly requesting that the Court "order the Plaintiff to comply with all the Defendants [sic] Discovery Requests." (Doc. 51 at 4). Yet a reply is not the proper place to set forth a motion to compel, as doing so denies Gilliam the ability to respond. Insofar as Defendants desire that Gilliam be compelled to answer their discovery requests, they must do more than provide "a few examples" of why his responses are deficient. Instead, they must provide a request-by-request analysis of their discovery requests, along with a copy of Gilliam's responses, and a discussion of why each of those responses was deficient under the law. Because Defendants have not properly demonstrated that there remain no genuine disputes of material fact in this matter, I recommend that their motions for summary judgment (Docs. 39, 40) also be denied.

### c. Conclusion

For the reasons above, I recommend that Plaintiff's motion for summary judgment (Doc. 37) be **DENIED**; and that Defendants' motions for summary judgment (Docs. 39, 40) be **DENIED**.

## III. Review

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.

R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 20, 2016                     S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class mail to Jerry Gilliam at 5016 NE 44th Street, Kansas City, MO 64117 and Marveilyn Talisic Ordiway and William H. Ordiway at 3401 W. Greenwood Rd., Alger, MI 48610.

Date: October 20, 2016                      By s/Kristen Castaneda
                                            Case Manager