UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERRY GILLIAM,

          Plaintiff,                        Case No. 15-cv-11833

v.                                                   Honorable Thomas L. Ludington
                                                      Magistrate Judge Patricia T. Morris
WILLIAM H. ORDIWAY, JR., and
MARVEILYN TALISIC ORDIWAY,

          Defendants.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION IN PART, DENYING MOTION FOR SUMMARYJUDGMENT, DENYING MOTION FOR ATTACHMENT, DENYING MOTION FOR SANCTIONS, GRANTING MOTION FOR PROTECTIVE ORDER, WITHDRAWING THE ORDER OF REFERENCE AND SETTING PRETRIAL CONFERENCE AND TRIAL DATES**

On May 20, 2015, this suit was transferred from the District Court for the Western District of Missouri to the Southern Division of the Eastern District of Michigan. ECF No. 1. On March 24, 2016, the case was transferred from the Southern Division to this Court. ECF No. 33. All pretrial matters were thereafter referred to Magistrate Judge Patricia Morris. ECF No. 35. In his second amended complaint, ECF No. 7, Plaintiff Jerry Gilliam alleges that the Defendants, William and Marveilyn Ordiway, invaded his privacy and intentionally inflicted emotional distress when they told Gilliam's family that he was guilty of rape, bigamy, and tax evasion. Both Plaintiff and Defendants are representing themselves, which has resulted in a dysfunctional discovery exchange and an unnecessarily complex procedural history. On February 27, 2017, Judge Morris issued a report and recommendation, ECF No. 85, which addressed Gilliam's motion for summary judgment, ECF No. 72, Gilliam's motion for sanctions, ECF No. 81, Gilliam's motion for attachment, and Gilliam's motion for a protective order, ECF No. 74. Both

Plaintiff and Defendants have filed objections. For the reasons stated below, the objections will be overruled and the report and recommendation will be adopted in part.

**I.**

Gilliam's first complaint was originally filed in November 2014 in the Western District of Missouri. *See* ECF No. 1. On May 20, 2015, Judge Laughrey of the Western District of Missouri granted Gilliam's motion to change venue and transferred the case to the Eastern District of Michigan. ECF No. 2. Initially, the suit was assigned to District Court Judge Judith E. Levy and Magistrate Judge Mona K. Majzoub. Soon after the transfer occurred, Gilliam filed an amended complaint and then, after Defendants filed a response, a second amended complaint. ECF Nos. 4, 6, 7. Gilliam's second amended complaint is currently the operative complaint.

Defendants then filed a responsive pleading to the second amended complaint which Judge Levy construed as a motion to dismiss. Around the same time, Defendants filed a motion to change venue to the Northern Division of the Eastern District of Michigan. ECF No. 12. On November 24, 2015, Judge Levy denied Defendants' motion to dismiss, construing the second amended complaint as stating claims for intentional infliction of emotional distress and defamation. ECF No. 18. Defendants then filed an answer to the second amended complaint. ECF No. 21.

On December 29, 2015, Gilliam filed a motion for default judgment, asserting that entering a judgment was justified because Defendants had not pleaded defenses in their answer to the second amended complaint. ECF No. 25. On February 12, 2016, Magistrate Judge Majzoub issued a report recommending that Defendants' motion to change venue be granted and Plaintiff's motion for default judgment be denied. ECF No. 31. That report and recommendation

was adopted on March 22, 2016, ECF No. 32, and the case was transferred to this Court. Pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 35.

During the spring of 2016, both parties filed motions, styled as requests for summary judgment, arguing that because the other party has refused to cooperate during discovery, judgment on the merits was appropriate against the opposing party. *See* ECF Nos. 37, 39, 40. The parties also filed a number of other discovery-related motions, including a motion to compel and a motion to proceed with discovery. *See* ECF Nos. 45, 49, 54, 66. On October 20, 2016, Magistrate Judge Morris issued an order resolving several of the discovery-related motions. *See* ECF No. 68. On the same day, Judge Morris also issued a report and recommendation. ECF No. 69.

In that report, Judge Morris explained that the disputes between the parties centered on discovery. Judge Morris explained that "the appropriate measure in response to a failure to comply with discovery rules is a motion to compel under Rule 37, not a motion for summary judgment." *Id.* at 9. The Magistrate Judge concluded that neither Plaintiff nor Defendants had demonstrated the absence of genuine issues of material fact. Accordingly, Judge Morris recommended that the cross motions for summary judgment be denied. Because neither party objected to the report and recommendation, it was adopted on November 15, 2016. ECF No. 73.

Meanwhile, Gilliam filed a second motion for summary judgment. ECF No. 72. He also filed a motion for a protective order, ECF No. 74, a motion for prejudgment attachment of Defendants' property, ECF No. 80, and a motion for sanctions, ECF No. 81. On February 27, 2017, Judge Morris issued a report and recommendation recommending that Gilliam's motion for summary judgment be denied, the motion for prejudgment attachment and the motion for sanctions be denied, and Gilliam's motion for a protective order be granted. Gilliam and the

Ordiways have both filed objections. Concurrently with his objections, Gilliam filed a motion for leave to file a third amended complaint. ECF No. 88.

**II.**

For clarity, the allegations in Gilliam's second motion for summary judgment will be briefly summarized here. He asserts that the Defendants "invaded Plaintiff's privacy by sending numerous emails to Plaintiff's family members accusing Plaintiff of bigamy, rape, tax evasion and threatening arrest and imprisonment by disparaging Plaintiff's morality and character; emails that defendants refused to disclose in discovery requests and tacitly admitted by refusing to properly participate in discovery." Sec. Mot. Summ. J. at 5, ECF No. 72.

Gilliam has attached an affidavit to his motion for summary judgment which provides additional factual background. *See* Aff. Gilliam, ECF No. 72, Ex. 1. According to Gilliam, he first met the Defendants in the Phillipines. At Defendant William Ordiway's request, Gilliam sponsored William Ordiway's wife and child for entry into the United States. *Id.* at 1. However, the relationship soured when Plaintiff reported Defendants "for Food Stamp Fraud." *Id.* at 2. According to Gilliam, the Defendants responded to his fraud report by embarking "on a campaign to harass and damage plaintiff." *Id.* Specifically, Gilliam asserts that "Defendants continuously emailed Plaintiff's family members including plaintiff and accused plaintiff of tax evasion, bigamy, rape and threated arrest and imprisonment." *Id.* Defendants also allegedly "informed plaintiff he would have to pay a Hundred Thousand Dollar ($100,00.00) Medical bill of defendant's step-son which plaintiff sponsored and another hundred thousand later." *Id.* Gilliam also alleges that Defendant Marveilyn Ordiway is in contact with Gilliam's ex-wife, who Gilliam alleges has kidnapped his daughter. *Id.* at 3.

Gilliam asserts that Defendants' actions have "resulted in extreme emotional distress." *Id.* He further contends that the emotional distress has "produced physical symptoms including rapid heartbeat, dizziness, unsteadiness, fainting, palpitating heartbeat, irregular heartbeat, night sweats, insomnia and nightmares." *Id.*

Gilliam has also attached a number of purported email communications between the parties. The emails clearly demonstrate the open hostility and rancor between Gilliam and the Ordiways. The emails also appear to provide some support for Gilliam's contention that the Ordiways believe that Gilliam should pay certain medical expenses incurred in treating the Ordiways' son. The emails also appear to provide some substantiation that Defendants have publically alleged that Gilliam raped an underage girl, was married to two women at the same time, and was involved in various other kinds of malfeasance.

On December 1, 2016, Defendants filed a response to Gilliam's motion for summary judgment. Resp. Mot. Summ. J., ECF No. 77. In the response, Defendants appear to concede that the emails Gilliam attached were, in fact, authentic. But Defendants argue that the emails do not "show any evidence that the Defendants did any harm to the Plaintiff." *Id.* at 2. Defendants go on to argue that Gilliam admitted to them that he was married to two women simultaneously in the Phillipines. *Id.* at 5–6. They further contend that "Plaintiffs [sic] own sister . . . accused him of being a pedophile and that he has many victims in his history." *Id.* at 6.

**III.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

### IV.

In her report and recommendation, Judge Morris recommended denial of Gilliam's second motion for summary judgment. She noted that Gilliam based his motion on two grounds: the Defendants' failure to participate in discovery and the lack of a genuine issue of fact on any

element of his substantive claims. Judge Morris rejected Gilliam's argument that the Defendants' participation in discovery justified entry of summary judgment. She reasoned:

> [W]hile Gilliam generally alleges that Defendants have not participated in discovery, he has not filed a renewed motion to compel, despite having done so once prior in this case. (Doc. 44). Gilliam also has not specifically pointed to any interrogatories or requests for production regarding which Defendants have produced insufficient responses. Furthermore, while the Court granted Gilliam's earlier motion to compel, he has not filed a renewed motion to compel, and does not move for sanctions based on Defendants' alleged failure to comply. Defendants for their part vehemently deny this allegation, and assert that they have sent Gilliam "thousands of documents." (Doc. 77 at 2). This being the case, Gilliam has not sought any relief regarding Defendants' alleged failure to participate in discovery, and the Court has no reason to believe that Defendants have continued to shirk their discovery responsibilities.

*Id.* Rep. & Rec. at 8.

Judge Morris also concluded that Gilliam had not demonstrated the absence of a genuine issue of material fact on his substantive claims. Relying upon the order where Judge Levy found that Gilliam had properly stated claims for defamation and intentional infliction of emotional distress, Judge Morris concluded that "[t]he precise content of Defendants' discussions with third parties regarding Gilliam and his alleged commission of rape, bigamy, and other crimes, remains to be determined, and thus a question of material fact persists rendering summary judgment inappropriate." *Id.* at 10. Judge Morris further noted that "truth is a complete bar to defamation" and explained that Defendants have provided "various exhibits purporting to demonstrate that Gilliam did in fact commit the crimes of bigamy, rape, and tax evasion." *Id.* at 11. The outstanding issue of "whether [the] statements made were true or not is a genuine issue of material fact that precludes summary judgment." *Id.*

As to Gilliam's intentional infliction of emotional distress claim, Judge Morris found entry of summary judgment was likewise unjustified. She reasoned that Gilliam's allegations that the Defendants threatened him with criminal prosecution and threatened to tell his family that he

was engaged in criminal conduct could, under certain circumstances, form the basis of a claim for intentional infliction of emotional distress. However, Judge Morris concluded that

> whether these incidents occurred remains a contested issue for the trier of fact to determine. Defendants have responded to the motion and challenge the veracity of many of Plaintiff's allegations and they attach various documents and even an email from Plaintiff's sister in addition to other evidence. . . . Accordingly, Gilliam has not shown that no question of material fact remains.

*Id.* at 15.

Judge Morris further reasoned that "summary judgment is [also] inappropriate at this time on Gilliam's IIED claim because he has not provided sufficient proof that [he] actually suffered severe emotional distress." *Id.*

Turning to Gilliam's motion for a protective order, Judge Morris found that the existing protective order, ECF No. 66, should be amended "to add the requirement that any information provided be either returned or destroyed when the instant litigation concludes." *Id.* at 16–17. The original protective order was entered to protect Gilliam's mental health records during discovery, in accordance with the Health Insurance Portability and Accountability Act.

Judge Morris then considered Gilliam's motion for attachment. She concluded that "[p]rejudgment attachment is neither appropriate nor possible in this case." *Id.* at 17. Relying upon Mich. Compl. L. § 600.4001, Judge Morris explained that Gilliam had not provided evidence that the predicate requirements for prejudgment attachment were present.

Finally, Judge Morris found that Gilliam's motion for sanctions should be denied. She explained: "[T]his matter is quite complex enough on the merits, and attempting to identify and redress each violation of the local rules, practice guidelines, or rules of civil procedure (committed on both sides of the "v.") would be an unreasonably arduous task that would distract from the resolution of this matter on the merits." *Id.* at 19. Nevertheless, Judge Morris indicated

that she was "well prepared to recommend or order the imposition of sanctions for conduct which negatively impacts the fair and expeditious resolution" of the cause, but was "disinclined to preside over a battle . . . between the parties to determine which side can identify a greater number of minor rule violations." *Id.* at 19–20.

Gilliam has filed seven objections. *See* Pl. Objs., ECF No. 87. He has also filed a separate objection wherein he challenges the admissibility of certain exhibits attached to the Defendants' response to his summary judgment motion. *See* ECF No. 86. Defendants have filed two objections to the report and recommendation. *See* ECF Nos. 91, 92. The objections will be addressed and overruled in turn.

**A.**

In his first, fourth, and sixth objections, Gilliam takes issue with Judge Morris's analysis of his "defamation" claim. Specifically, he argues that his second amended complaint does not include a defamation claim. Rather, he contends, he is asserting intentional infliction of emotional distress and invasion of privacy claims. And Gilliam is correct. The title of his second amended complaint indicates that he is alleging "invasion of privacy, intentional infliction of emotional distress and outrageous conduct inflicting extreme emotional distress."[1] Sec. Am. Compl. at 1. Gilliam does not include the word "defamation" anywhere within his second amended complaint. Although Gilliam's allegations might form the basis for a defamation claim, if liberally construed, the plain language of his second amended complaint does not frame such a claim.

---

[1] Although Gilliam's complaint appears to frame two separate claims for intentional infliction of emotional distress (one for regular emotional distress and another for "extreme" emotional distress), the complaint is properly construed as alleging only one claim for intentional infliction of emotional distress. A claim for intentional infliction of emotional distress requires both that the tortfeasor engage in "extreme or outrageous" conduct and that the conduct result in "severe emotional distress." *See Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602 (1985). "Extreme emotional distress" is thus a prerequisite for proving an intentional infliction of emotional distress claim and not, as Gilliam appears to be asserting, the basis for a separate tort.

Judge Levy, however, construed Gilliam's second amended complaint as properly stating claims for defamation and intentional infliction of emotional distress. *See* Order Deny Mot. Dismiss, ECF No. 18. In the order, Judge Levy explained that pro se pleadings are held to less stringent standards than formal pleadings, but that she would "thus look at the alleged facts to determine whether plaintiff has pled plausible claims, regardless of whether they are correctly styled." *Id.* at 8–9. She then found that he had sufficiently pleaded a claim of defamation, but did not analyze whether Gilliam had properly pleaded a claim for invasion of privacy.

In his objections, Gilliam asserts that "[t]he 'facts' set forth in Plaintiff's Civil Complaint not only formally claim Invasion of Privacy but conform to the category of intrusion upon Plaintiff's seclusion or solitude in his private affairs." Objs. at 2. In fact, Gilliam contends that he "has never intended to sue to defamation and will voluntarily dismiss that claim."

Gilliam now requests that he be permitted to proceed on his invasion of privacy claim. To that end, he has filed a motion for leave to file a third amended complaint. ECF Nos. 88, 89. The proposed third amended complaint, ECF No. 89, does not appear to allege new claims or add new parties. *See* Mot. File Third. Am. Compl. at 1 ("Plaintiff has not changed any facts or parties to the suit in his amendment."). Rather, Gilliam seeks to amend the complaint for the sole purpose of clarifying that he is asserting an invasion of privacy claim, not a defamation claim. Because the substance of Gilliam's claims will not change (simply the vehicle by which he seeks redress) he further contends that "there will be no need to modify the Court's pretrial scheduling order." *Id.* at 4.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and that "the court should freely give leave when justice so requires." Given Judge Levy's departure from the plain language of Gilliam's complaint, his request to

clarify his complaint is reasonable. Defendants argue that allowing the amendment will prejudice them, but if the scheduling order will not be modified, then any prejudice will be minimal (apart from the inherent prejudice of defending against a suit). However, amendment should not be permitted if the new (or clarified) claim is futile. The question thus becomes whether Gilliam's proposed third amended complaint properly states a claim for invasion of privacy under Michigan law.

In Michigan, a tort for invasion of privacy can be based on one of four different legal theories. *Lansing Ass'n of Sch. Adm'rs v. Lansing Sch. Dist. Bd. of Educ.*, 216 Mich. App. 79, 87 (1996). Two of the theories are potentially implicated here. First, a plaintiff may bring suit for "[i]ntrusion upon the plaintiff's seclusion or solitude, or into his private affairs." *Id.* Second, a plaintiff may bring suit for "[p]ublic disclosure of embarrassing private facts about the plaintiff." *Id.*

"The intrusion-into-seclusion theory of privacy requires the plaintiff to establish the following three elements: (1) the existence of a secret and private subject matter, (2) a right possessed by the plaintiff to keep that subject matter private; and (3) the obtaining of information about that subject matter by the defendant *through some method objectionable to the reasonable man*." *Id.* (emphasis in original). The public-disclosure-of-embarrassing-facts theory "requires that the disclosed information be highly offensive to a reasonable person and of no legitimate concern to the public." *Fry v. Ionia Sentinel-Standard*, 101 Mich. App. 725, 728, (1980).

Here, the gravamen of Gilliam's allegations is that the Defendants shared "bogus allegations of crimes and pending felony warrant [sic] with plaintiff's family." Prop. Sec. Am. Compl. at 5. Specifically, Gilliam alleges that Defendants are baselessly accusing him of "crimes of rape, bigamy and tax evasion." *Id.* at 3.

Gilliam's complaint does not state a claim under the intrusion-into-seclusion theory. That claim is focused not on the *publication* of secret and private subject matters, but on the *method of obtaining* such secret and private information. *See Tobin v. Michigan Civil Serv. Comm'n*, 416 Mich. 661, 674 (1982). In other words, Gilliam must allege that the Defendants obtained information about his private matters (presumably the alleged crimes) through "some method objectionable to a reasonable man." *Doe v. Mills*, 212 Mich. App. 73, 88 (1995). None of the allegations in any of Gilliam's superseded, active, or proposed complaints allege that the Defendants discovered private information about him through an unreasonable intrusion. Rather, Gilliam's allegations focus on the *publication* of private information, which is insufficient to state a claim for invasion of privacy. *See* Prop. Am. Compl. at 4 ("Defendants acted in violation of plaintiff's right to privacy by emailing plaintiff's family members . . . intimate details of the criminal accusations."). Defendants, for their part, argue that the allegations of criminal conduct they have leveled against Gilliam come from conversations and admissions he made to them personally. *See, e.g.,* Def. Resp. Mot. Summ. J. at 4 ("The Defendant has many documents that the Plaintiff emailed the Defendants to prove that the Plaintiff told the Defendant that he was married to another prior to marring [sic] the second."). Because Gilliam's allegations do not suggest that the Defendants obtained private information about him through an unreasonable and objectionable method, he has not stated a claim for invasion of privacy by intrusion into seclusion.

Construing Gilliam's claims broadly, he might also be attempting to state a claim for public disclosure of embarrassing facts. Importantly, "[t]his branch of invasion of privacy does not look to whether the information conveyed is true or false, but whether it is something an ordinary person has a right to keep private." *Beaumont v. Brown*, 401 Mich. 80, 96 (1977). In

other words, it is irrelevant, for purposes of this tort, whether the facts disclosed were true or false. If the defendant had a right or duty to disclose the information, then the plaintiff cannot bring a claim for public disclosure of embarrassing facts. Similarly, another prerequisite is that "the matter be of no legitimate concern to the public." *Fry v. Ionia Sentinel-Standar*d, 101 Mich. App. 725, 729 (1980).

Here, Gilliam alleges that Defendants publically accused him of committing several crimes. Defendants assert that they were justified in doing so because Gilliam actually committed those crimes. As explained above, Gilliam can prevail upon a claim for public disclosure of private information only if the information is such that, even if true, he would have had a right to keep private. If Gilliam actually did commit the crimes Defendants accuse him of (bigamy, rape, tax evasion, etc.) then they would have had a right to report that information to the authorities. Crime is a matter of legitimate concern to the public, and so Gilliam cannot bring an invasion of privacy claim based on Defendants' public accusations. Because Gilliam has not properly stated a claim for invasion of privacy, his motion to file a third amended complaint will be denied. Although Judge Morris analyzed Gilliam's motion for summary judgment as if it involved a claim for defamation, it would have been denied even if construed as advancing a claim for invasion of privacy. Gilliam's first, fourth, and sixth objections will therefore be overruled.

If someone makes false and damaging public statements about another person, the proper method of redress is through a claim for defamation. However, Gilliam has not pleaded a claim for defamation and, in fact, has strenuously asserted that he does not wish to advance a defamation claim. Gilliam is the master of his complaint. "[W]hile a court should liberally interpret a pro se complaint, a court should neither re-invent a plaintiff's complaint nor plead

allegations that a plaintiff wishes not to pursue." *Price v. Caruso*, 451 F. Supp. 2d 889, 893 (E.D. Mich. 2006). Thus, Gilliam's wish to "voluntarily dismiss" his defamation claim (to the extent his complaint has previously been construed as advancing a defamation claim) will be honored. Objs. at 7. To the extent Gilliam's complaint seeks recovery based on defamation, it will be dismissed without prejudice.

**B.**

In his second and fifth objections, Gilliam argues that Judge Morris improperly recommended denial of his motion for summary judgment because the exhibits Defendants attached to their response brief were not authenticated.[2] Gilliam appears to rely on Federal Rule of Civil Procedure 56(c)(2), which allows a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *Id.* Defendants attached a number of exhibits to their response brief which they argue demonstrate that Gilliam actually committed the crimes they have accused him of. Specifically, they provide purported pictures of Gilliam's weddings and transcripts of online chats where a person they identify as Gilliam appears to ask an underage girl for nude pictures and sex. Given the lack of context provided, Defendants' exhibits fall far short of demonstrating that Gilliam actually committed the crimes which Defendants accuse him of. But Gilliam's objection misapprehends the basis on which Judge Morris recommended denial of his motion for summary judgment.

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of

---

[2] Gilliam also separately filed another objection wherein he makes substantially the same argument. *See* ECF No. 86.

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

As the moving party, Gilliam thus bears the burden of providing evidence supporting his claims which is so conclusive that no reasonable jury could find for Defendants. In support of his motion for summary judgment, Gilliam provides only his own sworn affidavit and a series of emails between him and Defendants. He has provided no affirmative proof that Defendants have actually told Gilliam's family that he committed crimes in the past. And Gilliam has certainly provided no evidence that the alleged statements were actually false. Absent proof of at least those two things, Gilliam has not conclusively established that the Defendants engaged in extreme and outrageous conduct.[3] Likewise, Gilliam has provided no medical evidence suggesting that Defendants' conduct actually caused emotional distress or physical harm to him. Thus, Gilliam's motion for summary judgment, standing alone, does not show that there is no genuine issue of material fact. Regardless of whether Defendants attached admissible evidence to their response brief, Judge Morris properly recommended that Gilliam's motion for summary judgment be denied.

## C.

---

[3] In his fifth objection, Gilliam asserts that Defendants have admitted to demanding that he pay $200,000 to cover medical payments for their son. But even if true, a mere demand for payment is not necessarily extreme and outrageous conduct. Thus, summary judgment on the IIED claim cannot be entered for Gilliam on the sole basis that Defendants demanded he pay money.

Gilliam next objects to Judge Morris's recommendation to deny his motion for sanctions. He argues, essentially, that Judge Morris erred in relaxing the procedural rules. He provides the following examples of procedural infractions by Defendants:

> Defendants have failed to meet the legal requirements of counter-affidavits in their Summary Judgment Response; have never met the requirements of legal briefs citing cases, rules and statutes in support of the facts relied upon in their motions; have continually failed to notarize key discovery documents requiring notarization (Defendants have no notarization on any of their documents.)

Mot. Sanctions at 4, ECF No. 81.

But Gilliam has not demonstrated that the Defendants have purposefully and flagrantly violated procedural rules. The Court concurs with Judge Morris's conclusion that, in a case where both parties are representing themselves, it would be counterproductive to attempt to enforce every technical violation of a procedural requirement. Both parties have violated certain provisions of the Federal Rules of Civil Procedure and the Local Rules. The Court is not required under either Federal Rule of Civil Procedure 11(c) or Rule 37 to impose sanctions every time parties without legal representation engage in some form of technical misconduct, and will not do so here. But if either party engages in bad faith conduct in the future, sanctions may be imposed.

**D.**

Finally, Gilliam argues in his seventh objection that Judge Morris erred in recommending denial of his motion for attachment. He contends that this case qualifies for prejudgment attachment under Mich. Comp. L. § 600.4001, but does not provide a rationale. As Judge Morris explained, Michigan law allows prejudgment attachment only in situations where the defendant cannot be served with process or is not subject to the court's jurisdiction. Here, Defendants have been served and are within the Court's jurisdiction. Gilliam argues that attachment is necessary because Defendants may fraudulently transfer real estate they own into the name of relatives. But

Gilliam has not substantiated that allegation in any way. Gilliam's motion for attachment will be denied.

**E.**

Finally, Defendants have filed two objections. ECF Nos. 91, 92. In both objections, Defendants take issue with Judge Morris finding that Defendants' representations in their response to the summary judgment motion partially substantiated Gilliam's defamation claim. *See* Rep. & Rec. at 10 ("However, while Gilliam has not supplied sufficient proof to satisfy a defamation claim, Defendants have done some of the work for him."). As explained above, Gilliam is not asserting a defamation claim and cannot bring an invasion of privacy claim. Accordingly, Judge Morris's analysis of Gilliam's potential defamation claim is not being relied upon. Because Gilliam's potential defamation claim will be dismissed without prejudice, Judge Morris's finding that Defendants had provided some support for such a claim will be disregarded. Because the potential defamation claim will be dismissed, Defendants were not prejudiced by any misunderstanding Judge Morris may have been operating under. Accordingly, Defendants' objections will be overruled as moot.

**V.**

To summarize, Gilliam's motion for summary judgment will be denied. His invasion of privacy claim will be dismissed. Accordingly, the only outstanding claim is for intentional infliction of emotional distress. More importantly, the deadline for dispositive motions set out in the scheduling order, ECF No. 28, has passed. Accordingly, this case is trial ready. Because all pretrial matters have been resolved, the order of reference to Judge Morris has been satisfied and the order of reference will be withdrawn.

A final pretrial conference and trial will be scheduled. The parties will be directed to submit proposed voir dire questions two weeks in advance of the final pretrial conference. At the same time, the parties should submit a statement of claims or defenses, no longer than two pages, suitable to be read during opening instructions to the jury. Finally, the parties should provide proposed jury instructions. The Plaintiff and Defendants must personally attend the final pretrial conference and trial.

## VI.

Accordingly, it is **ORDERED** that Plaintiff Gilliam's objections, ECF Nos. 86, 87, are **OVERRULED.**

It is further **ORDERED** that Defendants William and Marveilyn Ordiway's objections, ECF Nos. 91, 92, are **OVERRULED.**

It is further **ORDERED** that the report and recommendation, ECF No. 85, is **ADOPTED in part.**

It is further **ORDERED** that the Order of Reference to Judge Morris, ECF No. 35, is **WITHDRAWN.**

It is further **ORDERED** that Plaintiff Gilliam's defamation claim, to the extent he alleges one, is **DISMISSED without prejudice.**

It is further **ORDERED** that Plaintiff Gilliam's invasion of privacy claim is **DISMISSED with prejudice.**

It is further **ORDERED** that Plaintiff Gilliam's motion for summary judgment, ECF No. 72, is **DENIED.**

It is further **ORDERED** that Plaintiff Gilliam's motion for a qualified protective order, ECF No. 74, is **GRANTED.**

It is further **ORDERED** that any information provided pursuant to the protective order, ECF No. 68, must be either returned or destroyed when this suit concludes.

It is further **ORDERED** that Plaintiff Gilliam's motion for attachment and motion for sanctions, ECF Nos. 80, 81, are **DENIED.**

It is further **ORDERED** that Plaintiff Gilliam's motion to file a third amended complaint, ECF No. 88, is **DENIED.**

It is further **ORDERED** that the document entitled "Third Amended Complaint," ECF No. 89, is **STRICKEN.**

It is further **ORDERED** that the pretrial submissions, described above, must be submitted to the Court **on or before June 6, 2017.**

It is further **ORDERED** that the Final Pretrial Conference is **SCHEDULED for June 20, 2017, at 3:00 p.m.**

It is further **ORDERED** that the Jury Trial is **SCHEDULED for July 18, 2017, at 8:30 a.m.**

Dated: May 18, 2017                           s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 18, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager